FILED

05/30/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0764

DA 16-0764

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 134N

IN THE MATTER OF:

A.R.N.,

     A Youth in Need of Care.

APPEAL FROM:     District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DN 15-10
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Craig Shannon, Attorney at Law, Missoula, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

      William Fulbright, Ravalli County Attorney, Howard F. Recht, Deputy
County Attorney, Hamilton, Montana

Submitted on Briefs:  May 24, 2017

Decided:  May 30, 2017

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Birth Mother appeals the decision of the Twenty-First Judicial District Court, Ravalli County, terminating her parental rights to A.R.N. Birth Mother argues that the court failed to identify the standard of proof it employed in terminating her rights and that there was not clear and convincing evidence that the circumstances rendering her unfit were unlikely to change within a reasonable amount of time. We affirm.

¶3 A.R.N. was born in May of 2014 and has resided in foster care since October of 2015, nearly two-thirds of A.R.N.'s life. Birth Mother and Birth Father are not married and Birth Mother has two other children who live with their birth father and are not the subject of these proceedings.

¶4 On January 19, 2015, Birth Mother was exhibiting paranoid, erratic, and incoherent behaviors. Law enforcement witnessed her screaming profanities into her phone while holding A.R.N., then eight months old, while under the influence of drugs. As a result, Birth Mother was charged with two counts of felony criminal endangerment.

¶5 In April of 2015, Birth Mother took one of her other children while that child was in the care of the child's birth father. When the Department of Public Health and Human Services, Child and Family Services Division (the Department) intervened and removed

2

the child from Birth Mother one week later to return the child to birth father, the Department found the child was filthy and unbathed, the child's hair was matted, and was wearing the same clothes when taken from birth father.

¶6     Prior to the Department's filing its emergency petition for removal of A.R.N., A.R.N. had been residing primarily with Birth Father due to Birth Mother's felony criminal endangerment charges. However, Birth Father was arrested and detained on charges of partner or family member assault and burglary on August 14, 2015. While detained, Birth Mother surreptitiously obtained A.R.N. by having her sister and sister's boyfriend pick up A.R.N. from where she was staying and lying about their intentions. A.R.N. was returned to Birth Father until October 2015, when Birth Father was charged again with partner or family member assault. A.R.N. has remained in foster care since this most recent removal from Birth Father.

¶7     On August 21, 2015, the Department filed a Petition for Emergency Protective Services, Adjudication of Child as Youth in Need of Care and for Temporary Legal Custody or, in the Alternative, Temporary Investigative Authority. The court granted emergency protective services and temporary investigative authority to the Department on September 10, 2015. On February 11, 2016, the Court adjudicated A.R.N. a youth in need of care for a period of 6 months and approved a treatment plan for Birth Mother on March 17, 2016. On August 3, 2016, the Department petitioned the court to terminate Birth Mother's parental rights to A.R.N. due to Birth Mother's failure to comply with the treatment plan. Following a hearing on November 18, 2016, the District Court terminated Birth Mother's rights on November 23, 2016. The District Court found that it was

established "by clear and convincing evidence" that the best interest of A.R.N. will be served by termination of the parent-child legal relationship.

¶8     Birth Mother has a known history of untreated mental illness, drug abuse, and alcohol abuse. The treatment plan approved by the court addressed all of these areas of concern. The chemical dependency evaluator diagnosed Birth Mother with a severe cocaine use disorder, sever methamphetamine use disorder, and severe alcohol use disorder. Birth Mother, however, did not believe she had any substance abuse disorder, continued to abuse drugs and alcohol, and was unwilling to engage in any of the treatment recommendations. The District Court determined that Birth Mother had failed to participate in urinalysis testing and had not demonstrated any significant period of time that she remained free of illegal drugs.

¶9     A psychological evaluation of Birth Mother concluded that she was entirely unfit to parent due to a prolonged psychiatric crisis that rendered her homeless, unemployed, addicted to stimulants, and unable to think logically. The evaluator opined that Birth Mother would remain unfit to parent for the foreseeable future. Treatment recommendations included inpatient chemical dependency rehabilitation, followed by psychiatric medication and case management, and intensive mental health therapy. Birth Mother has failed to follow through with the treatment recommendations concerning her mental health.

¶10    The District Court found that Birth Mother did not comply with her treatment plan when she failed to avail herself of any visitation opportunities with A.R.N. since August

of 2015; failed to participate in family-based therapy; failed to secure appropriate housing; and failed to meet with the Department and keep the Department informed of her progress.

¶11 This Court reviews a district court's decision to terminate parental rights for an abuse of discretion. *In re E.Z.C.*, 2013 MT 123, ¶ 19, 370 Mont. 116, 300 P.3d 1174. An abuse of discretion occurs when a district court acts arbitrarily, without conscientious judgment, or exceeds the bounds of reason. *E.Z.C.*, ¶ 19. Upon review of the record, we conclude that there was more than substantial evidence presented to the District Court for its finding that Birth Mother had failed to complete her treatment plan and the court's conclusion that the conduct rendering Birth Mother unfit to parent A.R.N. was unlikely to change. Birth Mother had a severe mental illness, which she refused to address; a severe chemical and alcohol addiction, which she refused to address; remained homeless; and had not exercised any of her visitation opportunities since A.R.N.'s removal in August of 2015.

¶12 The District Court addressed all of the statutory mandates and made specific and detailed findings of fact which addressed the primary consideration of A.R.N.'s best interests. Section 41-3-609(3), MCA; *In re C.M.C.*, 2009 MT 153, ¶ 23, 350 Mont. 391, 208 P.3d 809. The court's findings satisfied the requirements of § 41-3-609(1)(f), MCA, that Birth Mother had not complied with an appropriate treatment plan and that the condition rendering Birth Mother unfit was unlikely to change. As the record clearly supports there was substantial evidence supporting each of the statutory requirements, we will not address Birth Mother's argument that any alleged deficiency in the court's enunciation of the burden of proof renders her termination of parental rights

constitutionally infirm. The District Court did not abuse its discretion in terminating Birth Mother's parental rights to A.R.N.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶14 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE